MARGARET SMITH, Respondent, *v.* THE BRITISH AND NORTH AMERICAN ROYAL MAIL STEAM PACKET CO., Appellant.

Plaintiff took steerage passage on one of defendant's steamships from L. to N. Y. She had a berth in a section built in two tiers or platforms, her berth being in the lower tier. Through the negligence of defendant's employees the upper tier of berths fell, in the night time, and in consequence it was necessary to vacate the lower berths for the purpose of repairing. The fall and screams of those occupying those berths so alarmed plaintiff that she became partially paralyzed and helpless. In this condition she was removed from her berth and placed upon her feet. Being unable to help herself, she was thrown by the rolling of the ship against an open door, was picked up by the steward and placed in a wet place until the berths were repaired and then put back in her berth. In an action to recover damages for injuries received by the fall and the subsequent wetting, *held,* that defendant was liable ; that, as by means of the falling of the berths, plaintiff was deprived of the full possession of her faculties, and so rendered incompetent to care for herself, she was entitled to such care in her removal as would protect her from harm.

(Argued June 8, 1881 ; decided October 18, 1881.)

APPEAL from judgment of the General Term of the Supreme Court of the city of New York, entered upon an order made the first Monday of March, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a new trial.

This action was brought to recover damages for injuries alleged to have been occasioned by plaintiff's negligence.

Plaintiff took passage on one of defendant's steamships from Liverpool to New York as a steerage passenger. She occupied a lower berth in a section built in two tiers or platforms. In the night time the upper tier of berths fell, and it became necessary to remove the occupants of the lower berths in order to make the necessary repairs. The injuries complained of occurred after the removal.

The circumstances attending the same, and the further material facts are stated in the opinion.

*D. D. Lord* for appellant. An injury received by plaintiff from a fall in the cabin is not a consequence which defendants

were bound to foresee or provide against, as resulting from a fall of the platform of berths. (*Cleveland* v. *N. J. S. B. Co.*, 68 N. Y. 306; *Dougan* v. *Champlain Tr. Co.*, 56 id. 1; *Loftus* v. *The Union Ferry Co.* [decided March 8, 1881], 12 N. Y. Wkly. Dig. 40.)

*Henry Stanton* for respondent. Several parts of the section having given way an hour or so previous to the accident, and the steward having been notified of its dangerous condition, his neglect and refusal to repair the same was gross negligence, for the results of which the defendant is responsible. (*Frink* v. *Potter*, 17 Ill. 406; *Bremner* v. *Williams*, 1 Carr. & P. 414; *Teall* v. *Barton*, 40 Barb. 137; affirmed, 25 N. Y. 544; *Carrol* v. *Stat. I. R. R. Co.*, 58 id. 126; *Penn. R. R. Co.* v. *Roy* [U. S. Supr. Ct., Nov. 1880], 10 Reporter, 793.) The falling of the berths was the proximate cause of the injury. (Shearm. & Redf. on Neg., § 10; Add. on Torts (Wood's ed.) 36, § 33; *Powell* v. *Demney*, 57 Mass. [3 Cush.] 300; *Mott* v. *Hudson R. R. Co.*, 8 Bosw. 345; *Burrows* v. *The March Gas Co.*, L. R., 5 Exch. 67; *Poeppers* v. *Missouri, etc., R. Co.*, 67 Mo. 715; *Penn. R. R. Co.* v. *Roy*, 10 Reporter, 793; *Page* v. *Bucksport*, 64 Me. 51.) The steward having been negligent in removing plaintiff, the defendant is responsible for the injuries sustained by her after she was removed from her berth. (*Sheridan* v. *Bklyn. and N. R. Co.*, 36 N. Y. 39; *Hazman* v. *Hoboken L. & I. Co.*, 2 Daly, 130.) Proof that the defendants' system of constructing its berths was perfect is no defense in this case, but, on the contrary, is of necessity proof of negligence. (*Freemantle* v. *The London & N. W. R. Co.*, 10 C. B. [N. S.] 89.) If the confusion which followed the falling of the berths, or if the plaintiff's belief that the ship was going down, contributed to the fright which rendered her helpless, still the defendant is not relieved from liability. (*Coulter* v. *The Am. U. Ex. Co.*, 56 N. Y. 585; *The Carroll*, 8 Wall. 302; Wharton on Negligence, § 94; Thompson on Negligence, 117, § 20.) Plaintiff made out a case to go to the jury upon the question of the defendant's neg-

ligence, both as to the falling of the berths and the treatment of the plaintiff after her removal from the berth. (*Sheridan* v. *B'klyn & N. R. Co.*, 36 N. Y. 39 ; *Caldwell* v. *N. J. S. Co.*, 2 Daly, 130 ; *Warner* v. *Erie R. Co.*, 49 Barb. 558 ; *Clare* v. *Nat. City Bk. of N. Y.*, 1 Sweeney, 539 ; *O'Mara* v. *Hudson R. R. Co.*, 38 N. Y. 445 ; *Thurber* v. *The H. B. M. & F. R. Co.*, 60 id. 326.) Proof of the fact that the berth fell made a *prima facie* case to go to the jury on the question of defendant's negligence. It raised a presumption of negligence on the part of the defendant. (*Mullen* v. *St. John*, 57 N. Y. 567 ; *Briggs* v. *Oliver*, 4 Hurlst. & Colt. 403 ; *Vincett* v. *Cook*, 4 Hun, 318 ; *Edgerton* v. *N. Y. & H. R. Co.*, 39 N. Y. 277 ; *Curtis* v. *Rochester & S. R. Co.*, 18 id. 534 ; *Worster* v. *Forty-second street, etc., R. R. Co.*, 50 id. 203 ; *Lyons* v. *Rosenthal*, 11 Hun, 46 ; *Galena, etc., R. Co.* v. *Yarwood*, 17 Ill. 509.) The question of negligence and the question whether the plaintiff's injury was the proximate result of the defendants' negligence were questions for the jury. (2 Thompson on Negligence, 1236–1240.) The court correctly charged that "it was the duty of the defendant to use the highest degree of care and skill, according to the nature of its business, in the providing of safe and suitable means of transportation and accommodation for these passengers, and in guarding against all injuries to them, from whatever cause, which might naturally and according to the usual course of things be expected to occur." (*Wells* v. *N. Y. C. R. Co.*, 24 N. Y. 181, 193 ; *Caldwell* v. *Murphy*, 1 Duer, 233 ; *Smith* v. *N. Y. C. R. Co.*, 29 Barb. 132, 137 ; *Hegeman* v. *Western R. Co.*, 16 Barb. 353 ; 13 N. Y. 9 ; *Clark* v. *Eighth Ave. R. Co.*, 32 id. 657 ; *Curtis* v. *Rochester & S. R. Co.*, 18 id. 534 ; *Brown* v. *N. Y. C. R. Co.*, 34 id. 404 ; *Peruvia R. R. Co.* v. *Roy*, 10 Reporter, 793.)

Miller, J. The injury for which the plaintiff sought to recover damages in this action originated from the falling of the upper section of the berths of the ship, directly over the one occupied by her, in consequence of which it became necessary to remove her for the purpose of repairing the berths, and the

plaintiff was injured after such removal. The defendant was bound to use ordinary care and skill in the construction and erection of the berths in the ship, and to use materials of sufficient strength and so far as practicable such as would be safe and secure against the commotion of the elements, and the violence occasioned thereby. If, by reason of any failure to perform its duty in this respect, the injury occurred, and it can be directly traced to the negligence of the defendant, it became liable for any damages incurred thereby. The first question which arises then is, whether there was any negligence for the result of which the defendant was responsible. Although there was evidence on the part of the defendant, showing that there was the same fastening used in all steamers for similar structures, and that ordinarily they would appear to have been sufficient, yet the fact that the berths did fall shows some imperfection, defect or improper use of the upper tier of berths caused an unusual strain or force that pressed upon the structure and separated its parts. Whether this was produced by those who occupied the upper tier of berths, or was the result of some other cause besides a defect in the construction of the berths, is not entirely clear. There was evidence upon the trial showing that some parts of the section had given away several times during the day preceding the time when the plaintiff was hurt. The attention of the steward was called to the matter, and he fixed them up. In the evening the bottom boards of the lower tier fell, and the steward was notified and refused to fix them. As the evidence stood it was not entirely apparent that the defendant's servants were free from negligence in the construction, or in the keeping of the structure safe and secure and in good repair, so as to authorize a holding as a matter of law to that effect. In view of the testimony it was for the jury to determine as to the negligence of the defendant, in the construction of the berths and of the steward in not attending to them after he had been notified that they had fallen. Conceding that there was evidence showing that the berths were defectively put together, it is urged that the fall of the berths was not the cause of the injuries

sustained by the plaintiff. It appears that the falling of the berths and the screaming of those who occupied them alarmed the plaintiff, and amidst the noise and confusion incident to the occasion she thought that the ship was going down, became almost paralyzed with fear and unable to help herself. In this condition and before she had recovered her self-possession, she was removed from her berth, placed upon her feet, and as is claimed by reason of her inability to control herself, she was thrown by the rolling of the ship against a door which was ajar, and she fell back, fainted, and upon being picked up by the steward, was left in a wet place for awhile until the berths were repaired, when she was placed in her own berth. The learned counsel for the appellant contends that the plaintiff was unharmed in her berth and entirely safe. That she was bound to get out and her removal was necessary to replace the upper platform. That the direct cause of the accident was the rolling of the ship and not her removal, and the continuous series of acts from the fall of the platform to the fall which caused plaintiff's injuries, do not extend defendant's liabilities for the entire series, and the injury by the fall was not a direct and legal consequence or result of the fall of the platform or any negligence of the defendant's officers. It is true that the injury is somewhat remote from the original cause, and the question is by no means free from embarrassment whether the fall of the platform was the proximate cause. As the plaintiff, however, by means of the accident was deprived of the full possession of her faculties, and became alarmed, so that she was not competent to take care of, and may not have been fully able to protect herself, she was entitled to such care in her removal as would furnish such protection in the prostrate condition which she then was. Assuming, as the result showed, her inability to guard against the pitching and rolling of the ship, she should have been carried to a place of safety and security, where she would not have been likely to be cast about and thrown against the vessel in the manner which was proved upon the trial. And, considering the evidence, the jury had a right to draw such inference

as the facts warranted, and were authorized to say that the condition of mind of the plaintiff was the result of the fall of the berths, which rendered her unable to care for herself, and that the defendant's servants failed to exercise that degree of caution and prudence which was demanded in taking care of her. If the plaintiff was placed in a position, by the act of defendant's servants, which exposed her to injury, and, under the circumstances, was unable to protect herself, the defendant was liable for not exercising proper care in extending to her such protection as was required. (*Sheridan* v. *Brooklyn C. & N. R. R. Co.*, 36 N. Y. 39.) In the case last cited, the defendant's agent had compelled the deceased to stand upon the platform of a crowded car; while there she was thrown from the car by the hasty and careless departure of a passenger, and it was held that the wrongful act of such passenger did not relieve the defendant from the consequences of its wrongful act in placing the deceased upon the platform, but it was responsible for the damages sustained. In the case at bar the plaintiff was rendered incapable of leaving her berth, and of taking care of herself by reason of the accident which occurred, and may have been injured by the alleged failure and neglect of the steward to exercise proper care in placing her in a safe position. If the act of the defendant's agent was negligent, and the cause of the result which ensued, the same principle applies as in the case cited, and the same liability was incurred.

It cannot be said, we think, that under the circumstances the defendant was not bound to furnish the plaintiff, if she was unable to take care of herself, assistance in removing from the berth, and whether the steward placed her properly upon her feet or was chargeable with negligence in letting go of the plaintiff was for the jury to determine.

Nor can it be contended upon any valid ground that if the injury was owing to her inability from fright to take care of herself, that the defendant was exonerated, if it also appear that such fright was occasioned by the negligent act of the defendant in the construction or in the taking care of the berths.

Nor do we think that it can be maintained that the injury received by the fall in the cabin was not a consequence which the defendant was not bound to foresee, or to provide against, as resulting from a fall of the platform of the berths, and, therefore, the defendant is not liable. Although not bound to guard especially against the particular accident which occurred, the defendant was liable for any and all consequences flowing from its own negligence, and as this result here may be attributable to such negligence, is liable to answer for the damages incurred.

No other grounds are urged for the reversal of the judgment and the same should be affirmed.

FOLGER, Ch. J., DANFORTH and ANDREWS, JJ., concur; RAPALLO, EARL and FINCH, JJ., dissent.

Judgment affirmed.