SARAH A. GUY, AS ADMINISTRATRIX, ETC., OF JEREMIAH GUY, DECEASED, APPELLANT, *v.* THE NEW YORK, ONTARIO AND WESTERN RAILROAD COMPANY, RESPONDENT.

*Negligence — wrongful removal of a passenger from a train — the company is liable for all the consequences directly resulting therefrom.*

A conductor upon one of the defendant's trains removed therefrom the plaintiff's intestate, who had failed to produce a ticket when required, and who had no money wherewith to pay his fare. There was evidence tending to show that the intestate had bought and lost his ticket, and before he was removed one of his companions tendered the fare to the conductor, who refused to receive it, demanding a ticket. The intestate, who was very much intoxicated, was put off the train in a cut about twenty feet deep. He proceeded in the direction of his home some 1,700 feet when he laid or fell down and was run over and killed, about fifteen minutes later, by the train of another company which had the right to run its cars over the defendant's tracks.

*Held,* that as the intestate was wrongfully removed from the train the question as to whether his death was or was not directly traceable to such removal should have been left to the jury, and that the court erred in nonsuiting the plaintiff.

APPEAL from a judgment dismissing the complaint, entered upon a nonsuit directed at the circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for the alleged negligent killing of the plaintiff's intestate by the defendant.

John W. Lyon, for the appellant.

John G. Wilkin, for the respondent.

BARNARD, P. J.:

The defendant wrongfully ejected the deceased from its cars. The deceased had no money with which to pay his fare and could not produce his ticket. It was not entirely certain but that he had bought a ticket which entitled him to a passage from Middletown to Fair Oaks and return. The proof rather tends to show that he bought such a ticket. At all events he did fail to produce the ticket, and the conductor at Sands station about a mile from Middletown proceeded to remove him from the train. Before he was removed a companion of the deceased tendered the fare for the deceased and the conductor refused to receive it, demanding a ticket. The conductor was bound to receive the money. (*O'Brien* v. *N. Y. C. and H. R. R. R.*, 80 N. Y., 236.) The conductor forceably removed the deceased from the train and left him on the side of the track in a cut about twenty feet deep. The deceased was very much intoxicated at the time. The deceased was killed about fifteen minutes after he was removed, by the train of another railroad which had the right to run its cars over the defendant's road. The deceased had proceeded on his way to his destination, which was a mile off from Sand's station, and had traveled 1,700 feet from the place of removal, and had then laid himself down or had fallen down where he was killed by the train which left Middletown some ten minutes after the defendant's train had arrived there. It will be observed that this is not a case of negligence. The removal was a wrongful act. Even in a case of negligence the Court of Appeals carried the injury to the proximate cause in *Smith* v. *British and North American Royal Mail Steam Packet Company* (86 N.Y., 408). In that case some berths in a steamship had fallen down. The plaintiff, a sick lady, was removed from an under berth uninjured, but she was subsequently injured by the rolling of the vessel and by exposure. The court held that the subsequent injury was traceable to the improper fastening of the berths of the ship. The court lays stress upon the helpless condition of the passenger and held the defendants liable for her injuries subsequent to the removal. The present case is quite as strong an one in favor of the plaintiff. The deceased was so much intoxicated as to be helpless in the situation in which he was placed. The wrong-doer cannot exact a high degree of prudence from him under his then

condition. The question whether the death of the passenger was traceable directly to the removal from the train, under all the circumstances, was for the jury. If he had died from exposure the case would fall easily under the Smith case above cited. He attempted in his drunken way to get home on the track of defendants and failed, no doubt, by reason of his condition. The act being wrongful, all consequences which reasonably and directly flow from it are chargeable to the defendant.

The judgment should be reversed, and a new trial granted, costs to abide event.

DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.