defendant would set up was not rendered until October, 1909. And it is also argued that the practice of the defendant is indicative of bad faith. We see nothing more than tactics which are frequently employed, and, on the other hand, it appears that the application to plead the judgment was made within a very short time after it was rendered.

We think that a proper exercise of discretion requires the granting of the motion, and hence we reverse the order, with $10 costs and disbursements, that the Special Term may dispose of it in accord with this opinion. All concur.

---

WALDMAN v. BROOKLYN UNION ELEVATED R. CO.

(Supreme Court, Appellate Division, Second Department. January 21, 1910.)

CARRIERS (§ 306*)—INJURY TO PASSENGER—NEGLIGENCE.

Where defendant railroad had the right to operate its trains over a bridge, and had charge of a platform thereon, which it invited the public to use, it was bound to exercise a high degree of care to protect passengers on such platform, and the mere fact that the city was in general possession of the bridge and attended to necessary repairs did not absolve defendant from liability for injuries to a passenger through the falling of a window in the wall above the platform.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1249; Dec. Dig. § 306.*]

Appeal from Municipal Court of City of New York.

Action by Barnet Waldman against the Brooklyn Union Elevated Railroad Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Nathan Waxman, for appellant.
Francis R. Stoddard, Jr., for respondent.

WOODWARD, J. The plaintiff, on the 17th day of April, 1908, paid his fare and entered upon the platform of the Brooklyn Bridge at the New York end, and took a seat on the south side of the platform, "where you wait for the Bath Beach and Borough Park trains," to quote his testimony. He was on his way to his home at 1251 Fiftieth street, Brooklyn, and the defendant was operating its trains over the bridge. This platform was in charge of the defendant. While seated, as above described, on a bench near the wall, a window maintained in the wall above the seat fell and injured the plaintiff. The defendant introduced but one witness, an engineer employed by the city of New York in taking care of the bridge, and this witness testified that the city of New York had control of this window, and that the defendant did nothing in respect to this terminal except to sweep the platform; and with this evidence in the case the learned judge presiding directed the jury to bring in a verdict for the defendant. From the judgment entered upon this verdict the plaintiff appeals.

The defendant invited the plaintiff, in common with the public, to

this platform. The relation of the plaintiff to the defendant at the time of the accident was that of a passenger, and the accident being one which does not ordinarily occur without negligence, and the defendant owing that high degree of care which belongs to a passenger, it was bound to provide a safe place for the plaintiff, and the mere happening of the accident under the circumstances described imposed the duty of explanation upon the defendant. It was bound to show that the accident was not due to its negligence. Duhme v. Hamburg-American Packet Co., 184 N. Y. 404, 409, 77 N. E. 386, 112 Am. St. Rep. 615, and authorities there cited. The mere fact that the city of New York was in the general possession of the Brooklyn Bridge and attended to necessary repairs did not meet the requirement. The defendant had the right to operate its trains over the bridge. It had rights upon this platform. It invited the plaintiff to make use of this platform; and he having accepted that invitation, and occupying the relation of a passenger, it was the duty of the defendant to exercise that degree of care which this relation demanded to see that the place afforded him in which to wait for his train was free from dangerous conditions. Schnizer v. Phillips, 108 App. Div. 17, 95 N. Y. Supp. 478.

The judgment of the Municipal Court should be reversed, and a new trial ordered; costs to abide the event.

THOMAS and RICH, JJ., concur. JENKS and BURR, JJ., concur in the result.