### SCHONLEBEN v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

CARRIERS (§ 316*)—ACTION FOR INJURY TO PASSENGER—BURDEN OF PROOF.

In an action by a passenger for an injury caused, as he was leaving the car, by his shoe catching to a screw projecting from the floor between the aisles, under the doctrine of res ipsa loquitur, the burden was upon defendant to explain the accident, and show that it was not negligent.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285–1294; Dec. Dig. § 316.*]

Appeal from Trial Term, New York County.

Action by Joseph Schonleben against the Interborough Rapid Transit Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Morris Cukor, of New York City, for appellant.

Lemuel E. Quigg, of New York City, for respondent.

McLAUGHLIN, J. The plaintiff was a passenger in one of defendant's cars. The floor of the car was covered with wooden slats about an inch apart, fastened thereto by metal screws. One of these screws in the aisle between the seats projected above the slats from one-half to three-quarters of an inch. When the plaintiff reached his destination, he was told to leave the car, and, as he was doing so, one of his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shoes caught upon this screw, and he was thrown down and injured. He had no knowledge of the existence of the screw until he was thrown down, and offered no evidence to show how long it had been in that condition; nor did it appear that the defendant had any knowledge, at or prior to the accident, of the actual condition of the screw when plaintiff was thrown. Plaintiff's counsel having conceded that he could offer no further evidence upon that subject, the court dismissed the complaint, and plaintiff appeals.

I am of the opinon the judgment should be reversed. The relation of the plaintiff to the defendant at the time of the accident was that of a passenger. The defendant was obligated to exercise the greatest care for his safety. The mere happening of the accident, under the circumstances described, imposed upon the defendant the duty of an explanation. It was bound, without any further evidence, to show, if it could, that the existence of the screw at the place and in the condition in which it was, which caused plaintiff to fall, was not due to its negligence. Van Inwegan v. Erie R. R. Co., 126 App. Div. 297, 110 N. Y. Supp. 959, affirmed 194 N. Y. 534, 87 N. E. 1128; Griffen v. Manice, 166 N. Y. 188, 59 N. E. 925, 52 L. R. A. 922, 82 Am. St. Rep. 630; Waldman v. Brooklyn Union Elevated R. R. Co., 136 App. Div. 376, 120 N. Y. Supp. 1017; Baum v. N. Y. & Q. C. R. Co., 124 App. Div. 12, 108 N. Y. Supp. 265; Paine v. Geneva, W., S. F. & C. L. Traction Co., 115 App. Div. 729, 101 N. Y. Supp. 204; Weir v. Union Ry. Co., 112 App. Div. 109, 98 N. Y. Supp. 268; Lomas v. N. Y. C. Ry. Co., 111 App. Div. 332, 97 N. Y. Supp. 658, affirmed 188 N. Y. 628, 81 N. E. 1169. The facts proved, within the authorities cited, made a prima facie case for the plaintiff, under the doctrine of res ipsa loquitur.

The judgment and order appealed from, therefore, are reversed, and a new trial ordered, with costs to appellant to abide event. All concur.