### COMPAGNIE GÉNÉRALE TRANSATLANTIQUE v. BUMP.

(Circuit Court of Appeals, Second Circuit. June 6, 1916.)

No. 293.

1. SHIPPING ⊙⟝166(5)—CARRIAGE OF PASSENGERS—ACTIONS—JURY QUESTION.
   In an action by a passenger on a ship, injured by a fall resulting from a sudden lurch during a storm, the questions whether the passenger was guilty of contributory negligence, and whether the shipowner was negligent in failing to provide safeguards and in leaving a loose mat sliding about the passageway where the accident occurred, *held*, under the evidence, for the jury.
   [Ed. Note.—For other cases, see Shipping, Cent. Dig. § 550; Dec. Dig. ⊙⟝166(5).]

2. SHIPPING ⊙⟝166(1)—CARRIAGE OF PASSENGERS—ACTIONS—NEGLIGENCE.
   For a shipowner to leave a loose mat sliding about a passageway used by passengers when a violent storm was raging was negligence.
   [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 538–546, 549; Dec. Dig. ⊙⟝166(1).]

3. SHIPPING ⊙⟝166(1)—CARRIAGE OF PASSENGERS—SHIPOWNERS.
   Where the servants of a shipowner placed a passenger in a position exposing her to injury, and under the circumstances she was unable to help herself, the shipowner is liable for not extending to her required protection.
   [Ed. Note.—For other cases, see Shipping, Cent. Dig. §§ 538–546, 549; Dec. Dig. ⊙⟝166(1).]

⊙⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4.** EVIDENCE ☞517—FOREIGN LAWS—INTERPRETATION.

    In an action against a French steamship company, where relevant sections of the French Civil Code were clear and plain, a translation is admissible, without interpretation by an attorney learned in the law of France.

    [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2327; Dec. Dig. ☞517.]

**5.** APPEAL AND ERROR ☞1026—REVIEW—HARMLESS ERROR.

    Errors in the conduct of a trial, which are inconsequential, do not warrant a reversal.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4029, 4030; Dec. Dig. ☞1026.]

In Error to the District Court of the United States for the Southern District of New York.

Action by Teresa M. Bump against the Compagnie Générale Transatlantique. There was a judgment for plaintiff, and defendant brings error. Affirmed.

The District Court entered a judgment upon the verdict of a jury for $15,056.33 in favor of the plaintiff for injuries received by her while a passenger upon the steamship Rochambeau, owned by the defendant. The parties will be alluded to hereafter as they appeared in the District Court—as plaintiff and defendant.

Joseph P. Nolan and John M. Nolan, both of New York City, for plaintiff in error.

Abram I. Elkus and William M. Wherry, Jr., both of New York City, for defendant in error.

Before COXE and WARD, Circuit Judges, and CHATFIELD, District Judge.

COXE, Circuit Judge. [1-3] The plaintiff was a passenger upon the defendant's ship, the Rochambeau. While in the custody and under the direction of the ship's captain she was seriously and permanently injured by reason of a fall occasioned by the violent lurching of the ship during a storm of more than ordinary violence. The plaintiff had a dog on board for which she had paid passage. She was not satisfied with the accommodation given the dog and complained to the captain regarding it. In reply he requested her to follow him, saying that he would show her where the dog could be cared for. They proceeded down two companionways to the main deck, the captain leading the way. After inspecting the dog's quarters they started to return and when they reached a broad passageway extending to a tide door which was closed and bolted, the ship took a sudden lurch and the plaintiff was thrown against the bolts and projections on this closed door and received the injuries complained of. There were no railings on either side of this passageway and the plaintiff testified that there was a loose mat, or jute runner, which slipped when the sudden lurch came and threw her off her feet. The question is, not what we would have found if we had been sitting as triers of the facts, but, was there suffi-

cient evidence of the defendant's negligence to warrant the jury in finding a verdict for the plaintiff. We think there was.

The question of defendant's negligence and of the plaintiff's contributory negligence were for the jury. It cannot be successfully asserted that the place where the accident happened was a dangerous place per se; it was rendered dangerous by the prevalence of an unusually violent storm. The plaintiff was, however, in the custody of the master of the ship, on whose judgment she had a right to rely. When he said, "Come with me. I will show you where your dog can go," she was justified in relying upon his superior knowledge and intelligence. It was tantamount to saying "I know my ship and I know the force of the present storm; come with me and you will be safe." With such an implied assurance can negligence of the plaintiff be predicated of a compliance with the captain's direction? What 'passenger would have the temerity to say directly, or by implication, "Captain, I do not think you know what you are talking about; this storm is one of unusual violence and we may be thrown down and seriously injured. I propose to stay where I am." Again, the plaintiff was warranted in assuming, if the way led through dangerous passages, that rails or ropes would be provided and that the rugs and mats on the floor would be securely fastened. There is no pretense that any ropes or rails were provided where the passageway crossed the broad space where the accident occurred. Whether there was a loose mat, or runner, at the point where the plaintiff slipped and fell was a question for the jury. She testified, "I had already started and felt myself going, and at that moment the rug, the jute runner as it were, 'slipped."

It can hardly be questioned that it was negligence to leave a loose mat sliding about the passageway when such a storm was raging. The jury may have found that this was what happened; it was clearly a question of fact. We think it plain that the court could not say as matter of law that the defendant was free from negligence or that the plaintiff was guilty of negligence. Both of these were questions for the jury and their verdict was not against the evidence. Chicago Co. v. Lynch, 201 Fed. 70, 119 C. C. A. 408; The Prinzess Irene (D. C.) 139 Fed. 810; The Annie L. Van Sciver (D. C.) 161 Fed. 640; Smith v. Steam Packet Co., 86 N. Y. 408. In Smith v. Steam Packet Co., the Court of Appeals of New York says, at page 412:

"If the plaintiff was placed in a position, by the act of the defendant's servants, which exposed her to injury, and, under the circumstances, was unable to protect herself, the defendant was liable for not exercising proper care in extending to her such protection as was required."

In Chicago Co. v. Lynch, the Circuit Court of Appeals for the Seventh Circuit says:

"Error is assigned for not excluding evidence of the slippery condition of the cabin floor. As we have seen, this was one of the attending circumstances to be considered by the jury in determining whether there was any negligence. It was as pertinent, though perhaps not as influential, as the lurching of the vessel or the physical condition of the plaintiff."

[4] The relevant sections of the French Civil Code, 1382, 1383 and 1384, were received in evidence. They seem clear and understandable

and do not need the interpretation of a lawyer learned in the law of France. If there was anything esoteric or complicated about these provisions it is possible that the services of a French lawyer might be required, but, with the translation admitted, the meaning of the law is so plain that no explanation was necessary.

[5] Other alleged errors are argued, but we deem it unnecessary to discuss them in detail. In every hotly contested jury trial a lawyer who reads the record with a desire to find some action by the trial judge which is open to criticism, will generally be successful. The most learned and conscientious judge will frequently make a ruling which subsequent testimony and further reflection show to have been of doubtful propriety. But if it appears that the ruling was inconsequential and that the result was a just and proper one, it would be a manifest injustice because of such ruling to start the parties again upon the weary pilgrimage through the courts. The principal question was one of fact—was the defendant acting through its agent, the master of the Rochambeau, guilty of negligence in inviting the complainant to go to the main deck of the vessel when a storm of extreme violence was raging? Should he have taken her to a part of the vessel where there were no railings or supports and where the mat or runner was loose on the floor?

These were questions of fact and the verdict has solved both of them in favor of the plaintiff. The place where the master took the plaintiff was not ordinarily dangerous, but the severe storm rendered it an unusually dangerous place. At least the jury were justified in finding it to be a dangerous place. The questions of negligence were properly submitted to the jury and their verdict in favor of the plaintiff was fully justified by the evidence.

The judgment is affirmed with costs.

WARD, Circuit Judge, concurs in the result.