## KVART v. SWEDISH AMERICAN LINE.
### No. 146.

Circuit Court of Appeals, Second Circuit.

March 4, 1942.

Platow, Lyon & Stebbins, of New York City (Henry V. Stebbins, of New York City, of counsel), for plaintiff-appellant.

Haight, Griffin, Deming & Gardner, of New York City (Edgar R. Kraetzer, of New York City, of counsel), for defendant-respondent.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The appellant fell on the deck of the appellee's steamship Gripsholm and was injured while, as a passenger on that vessel, he was playing a game with other passengers on May 24, 1938 on a voyage from Gothenborg, Sweden, to New York. The deck, provided by the ship for such use by the passengers, was known as the third class

recreation deck and extended from the ship's housing in the center to the stern and from side to side of the vessel. The open space with which we are alone concerned ran from one side of the ship to the other between a stairway and the aft smoking room a distance of, perhaps, 20 feet or more. The deck was covered with planking and there had formerly been a hatch coaming near its center about 15 feet square which was of metal extending above the deck's surface. The deck had, however, been cleared of this obstruction by burning off the coaming near the deck surface and chiseling the rough edges down still closer to the top of the planking. At the time of the accident the inside of what had been the coaming was planked over flush with the adjacent parts of the deck and the entire space was being used to play a Swedish game called "Sistaparet ut." That was played by couples who moved back and forth over the deck and often across the cut-off hatch coaming.

■ The plaintiff had been on the ship eight days and was generally familiar with the condition of the deck when, on the evening of May 24, 1938, he went there and for about ten minutes watched some fifteen couples of passengers playing the game. He then obtained a partner and began to play under the supervision of the ship's officers in charge of the deck. He had been playing for about five minutes when, as he was going forward across the line made by the cut-off coaming, he tripped upon it and, falling to the deck, was injured. He testified that the coaming where he tripped extended from an eighth to a quarter of an inch above the surface of the planking and, though this was disputed, the jury might have so found as the witness was where he could have seen what was the fact about it and, though he was an interested witness, his credibility was for the jury.

The trial judge overruled defendant's motion for a directed verdict and submitted the case on the issue of defendant's negligence as well as the plaintiff's contributory negligence. A verdict for the plaintiff was returned which was set aside on motion and a judgment was entered dismissing the bill of complaint on the merits. This appeal followed.

■ Though the case is, indeed, a close one we think the evidence was sufficient to take it to the jury and that its verdict should have been allowed to stand. All fair inferences are now, of course, to be drawn in favor of the plaintiff. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L. Ed. 720; McDonald v. Metropolitan St. Ry. Co., 167 N.Y. 66, 60 N.E. 282. It was the defendant's duty to exercise a high degree of care for the safety of its passengers, Moore v. American Scantic Line, Inc., 2 Cir., 121 F.2d 767; Maibrunn v. Hamburg-American S. S. Co., 2 Cir., 77 F.2d 304; Stokes v. Saltonstall, 13 Pet. 181, 38 U. S. 181, 10 L.Ed. 115, and whether it fulfilled that duty when it permitted such an obstruction to exist on a deck used for playing such a game is a question about which reasonable men might be of differing opinions.

In the Moore case, supra, the unevenness of the deck's surface was more pronounced than here but the likelihood that a playing passenger would hit a dangerously uneven place was less. Here the players were constantly crossing the metal where it stuck up between the planking inside what had been the hatch and that outside. That sooner or later some player might trip over it was at least so probable that a prudent man could hardly ignore it as the defendant did. That being so, its conduct made its negligence, or freedom from negligence, a jury question.

■ Nor was the plaintiff's possible contributory negligence so clear that it could be ruled as a matter of law. He was, at least tacitly, invited to use the deck as he was doing and he was justified in assuming that he could do so safely until he realized, or should as a prudent man have realized, that it was unsafe for that purpose. A passenger in his situation might well fail to notice that the metal in places did extend above the deck's surface and there is nothing to show that he did in fact notice it until his fall called his attention forcibly to that fact. That made whether or not he should have been more careful a question of fact for the jury instead of a question of law for the court. Christensen v. James S. Hannon, Inc., 230 N.Y. 205, 129 N.E. 655; Compagnie Generale Transatlantique v. Bump, 2 Cir., 234 F. 52.

Both parties on the argument disclaimed any desire for a new trial. The judgment is, therefore, reversed and the cause is remanded with directions to reinstate the verdict and enter judgment thereon.