This is a suit for damages alleged to have been sustained by plaintiff as the result of an accident while a paying passenger on a trolley bus operated by the defendant company. Judgment of the District Court, after trial on the merits, rejected plaintiff's demands, from which judgment she prosecutes this appeal.
The facts show that on September 19, 1945, plaintiff, Mrs. L.E. Etress, a widow, who was at the time 57 years of age, boarded a trolley bus of the defendant, Shreveport Railways Company, on the Fair Grounds route, at or about the hour of 3:30 p.m. The trolley proceeded uneventfully on its course to a point on Texas Avenue near the intersection of Allen Avenue, where one of the tires blew out, thereby preventing the further operation of the bus. The operator pulled the bus over to the curb line of the street, brought it to a stop, informed his passengers that he would call the company office, and left the bus. He then proceeded to lower and secure the trolleys, made his telephone call, returned to the bus and advised the passengers that they would be transferred to another bus. Some few minutes later the following bus stopped and the transfer of passengers was begun.
Plaintiff proceeded to the exit at the front part of the bus in line with other passengers, some 25 in number, her location being about the middle of the evacuating group. As plaintiff reached the front door of the bus she sustained a fall which precipitated her from the bus to the sidewalk, in which fall she suffered the injuries which are made the basis of this action.
As grounds for recovery plaintiff has alleged a number of acts of negligence on the part of defendant, which may be briefly resolved into specific charges, to the effect that plaintiff caught the heel of her shoe upon the up-raised edge of a metal strip which was placed across the top of the entrance step of the bus, and which strip in such a place constituted a trap for disembarking passengers; that warning signs of the danger of the raised step were not posted, and that the bus operator was negligent in allowing the passengers to rush out of the bus in a disorderly manner.
[1] Some of the charges of negligence may be briefly disposed of. There is no showing in the record which would establish any negligence on the part of the trolley operator. On the contrary, it is affirmatively established by the great preponderance of the testimony that there was no disorder, no rushing, no confusion, among the passengers during the process of disembarking, nor is there any showing that plaintiff's fall resulted directly or indirectly from any jostling or pushing.
[2] Since plaintiff unquestionably occupied the status of a fare-paying passenger on the bus of the defendant, a public carrier, the burden of proof rests upon the defendant to show that it was free of any negligence which caused or contributed to the accident.
[3] The only serious question remaining for discussion bears upon the nature of the metal strip, which is charged by plaintiff to have been the cause of the fall. For reasons which are hereinafter set forth, we deem it unnecessary to comment, except in passing, upon the point that in our opinion *Page 702 
plaintiff has failed to satisfactorily establish the fact that the metal strip or plate which is complained of was the cause of her fall. The testimony of the plaintiff on this point is open to considerable question since she testified that after catching her heel on the offending metal, and while in the act of falling precipitously forward out of the bus, she was "able to look back" and see what had caused her fall. This testimony we find to be completely unconvincing, for reasons which are obvious.
In order to thoroughly understand the contentions of plaintiff and the basis of the defense, it is necessary to detail the nature and location of the metal strip. This strip, or metal plate, of 16-gauge iron, is attached by means of screws to the edge of the bus floor at the front exit. The floor is rubber and the metal plate is forced, by means of the screws, into this rubber so that the edge of the plate is practically flush with the flooring. The purpose is designed to prevent the curling of the rubber flooring at the extreme edge, which would unquestionably constitute a hazard. This is standard construction of the particular type of busses in use by the defendant company in the City of Shreveport.
We are unable to accord agreement with the contention of plaintiff that this metal strip, attached as described for the purpose set forth, constitutes such a hazard or danger as to be considered a trap for unwary bus passengers. Inasmuch as there is not the slightest showing, either by allegation or proof, that the strip itself was in a state of disrepair, we do not find that there was any negligence on the part of the defendant company attributable to the failure to keep the bus, or the specific part thereof in question, in a proper state of care and repair. If the plate actually projected above the flooring, which is not shown to have been the case, the projection was so slight that it could not be considered in any manner as falling within the classification of a trap. Inasmuch as there was no trap nor any known dangerous condition, there was no obligation on the part of defendant to place any warning signs.
By way of additional defense, it was established by the defendant that handrails and upright stanchions are conveniently placed at the entrance of its trolley busses designed for the obvious purpose of being used by passengers in embarking and disembarking, which use by the plaintiff in the instant case would have unquestionably served to prevent her fall.
We have examined the cases cited by counsel for plaintiff but do not find them to be applicable to the facts developed herein. The case of Jones v. Baton Rouge Electric Company, La. App., 192 So. 539, 541, bears upon the presumption of negligence against a carrier in accidents which occur as the result of some defect in the vehicle or its equipment. We point out that there is no evidence of any defect of construction or equipment in the instant case.
The case of Hopkins v. New Orleans Railway Light Co.,150 La. 61, 74, 90 So. 512, 19 A.L.R. 1362, is authority on the duty of the carrier to furnish a safe and unobstructed exit, and, certainly, there has been no showing in the instant case of any lack of safety or of any obstruction. The case of Kitsap County Transportation Co. v. Harvey, 9 Cir., 15 F.2d 166, 48 A.L.R. 1420, concerns facts involving the danger of a 10-inch raise above the floor level of seats, which facts are in no sense analogous to this case. Nor do we find the facts and circumstances in Kvart v. Swedish American Line, 2 Cir.,126 F.2d 279, or in Schonleben v. Interborough Rapid Transit Co.,160 App. Div. 790, 145 N.Y.S. 682, to be comparable to those which are involved herein.
Plaintiff has failed to show the neglect of any duty of care on the part of the defendant, and defendant has successfully controverted any presumption of such failure by the preponderance of the evidence developed.
By reason of this finding there is no necessity to discuss the further defense of contributory negligence on the part of the plaintiff.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.
KENNON, J., absent. *Page 703