No. 18,728.

DORA LYNCH, *Appellee*, v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. COMMON CARRIER—*Duty Owed to Passengers—Warning Passengers When Not to Alight from Train.* A carrier is bound to exercise the highest degree of care that is reasonably practical in safely carrying passengers and setting them down safely at their destinations, and where a stop is made at a place where passengers are not to be discharged but where the circumstances are such as to imply an invitation to alight and to lead passengers to believe that the stop is made for that purpose it is ordinarily the duty of the carrier to warn passengers not to alight there.

2. SAME—*Passenger Jumping from Train While in Motion—Contributory Negligence—Question of Fact.* Where a train was stopped in front of a depot at a place where passengers usually alight, and a passenger for that station started to leave the train and had descended to one of the lower steps of the coach in the attempt when the train began to move slowly, and afterwards while she was throwing off bundles in order to attract the attention of the conductor that she desired to alight, the train was moved with a sudden jerk or lurch which caused her to lose her balance, whereupon she jumped to the platform to save herself from falling, and was injured, it can not be held as a matter of law that her act in jumping from the train was contributory negligence which bars a recovery of damages.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed July 7, 1914. Affirmed.

*W. P. Waggener, James M. Challis,* both of Atchison, and *J. N. Baird,* of Kansas City, Mo., for the appellant.

*William Whitelaw,* and *James F. Getty,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was begun by the appellee, Dora Lynch, to recover damages from the appellant, The Missouri Pacific Railway Company, for personal injuries sustained while alighting from one of its passenger trains. On July 10, 1911, the appellee, who was a woman about fifty-two years of age and weighing about two hundred and fifteen pounds, was a passenger on appellant's train from Kansas City, Kan., to Pomeroy, Kan. The train was scheduled to run in upon a passing track at Pomeroy to permit the passing of an eastbound train. The train arrived at Pomeroy and was stopped with the engine about six to ten feet from the switch to the passing track to permit the brakeman to open the switch. It does not appear that the station was announced as the train approached, but when it stopped in front of the depot appellee arose from her seat in the third car of the train and proceeded to the front door of that car to alight. When she got on one of the lower steps of the car she noticed that the train had begun to move slowly, and in order, as she testified, to attract the attention of the conductor to the fact that she wished to leave the train she threw off singly several packages which she was carrying but no attention was paid to her action, and that then there was a quick jerk of the train which threw her out of balance and forced her to jump from the moving train, which by that time had attained a speed of from six to ten miles an hour. In jumping appellee fell upon her back and sustained the injuries of which she complained. There was evidence offered by the appellant tending to show that it was the custom for

Lynch v. Railway Co.

the train upon which appellee was riding to pull in upon the passing track, and then, after the passage of the eastbound train, back to the depot and permit the passengers bound for Pomeroy to alight.  This evidence, however, was contradicted by appellee, who produced testimony to the effect that passengers are oftener discharged before the train is run on the sidetrack.  It also appears that on the day on which appellee was injured two or three passengers did alight from the train before appellee attempted to do so.  She testified that it was not her intention to jump from the moving train, but that after she had thrown her bundles from the train it gave a sudden lurch which caused her to lose her balance and that she was forced to jump to save herself from falling.  The jury's verdict was in favor of appeellee and it fixed the amount of her recovery at $2000.

On this appeal the appellant alleges error on the part of the court in overruling its demurrer to appellee's evidence, in refusing to give certain requested instructions and giving certain others to the jury, and in the overruling of its motions for judgment on the special findings and for a new trial.  However, the principal contention of appellant appears to be that appellee was guilty of contributory negligence so as to bar a recovery.

It is conceded that the railroad company was bound to exercise the strictest vigilance and the highest degree of care which was reasonably practical in carrying the appellee and the other passengers to their destinations and in setting them down safely.  In the performance of this duty it devolves on the railroad company to warn passengers not to alight if a stop is made at a place where passengers are not to be discharged but where they may be led to believe that the stop was made for that purpose and the circumstances are such as to imply an invitation to alight there.  (*S. K. Rly. Co. v. Pavey*, 48 Kan. 452, 29 Pac. 593;

6 Cyc. 600, 614.)    Here the train stopped in front of
the station where passengers usually alight.    It is
true that sometimes the train went upon the sidetrack
before passengers for the station were discharged,
and this appellee knew, but a number of passengers
arose from their seats and left the train ahead of her,
and these circumstances would naturally lead her to
believe that the train had stopped for the discharge
of passengers.    It appears that passengers are fre-
quently discharged before the train is switched to the
passing track, and while the name of the station had
not been announced as the train pulled in it was not
unreasonable for her to infer, under the circum-
stances, that the train had been stopped for the pur-
pose of allowing passengers to alight.    The jury found
that the train was stopped not only to go in on the
switch track but also for the purpose of discharging
passengers.

It is contended that her act in jumping from the
train constitutes such contributory negligence as will
bar a recovery for the injuries sustained.    This con-
tention is based on the assumption that she volun-
tarily and unnecessarily jumped from a train that
was moving at a rate of from six to ten miles an
hour.    This is contrary to her testimony as she stated
that she had no thought of jumping until the sudden
jerk of the train caused her to lose her balance and
forced her to jump to save herself.    According to
her testimony she had descended to the second or
third step of the coach before the train began to move,
and she was there when she was thrown out of
balance, and a fall between the coaches, which she
was seeking to avoid, necessarily involved more peril
than did the jump to the platform.    She knew, of
course, that the train was in motion before the jump
was made, but the jury specifically found that she did
not voluntarily jump from the train but did so to save
herself from falling.    Under the findings, which have
some support in the conflicting testimony, the author-

Lynch v. Railway Co.

ities cited by appellant, holding that one who voluntarily leaps from a train in motion and which is increasing its speed can not recover for injuries sustained, are not applicable.  Her action in jumping, as we have seen, was not unconstrained and, accepting her testimony, was done to save herself from what she deemed to be a more dangerous situation.  There was little time for deliberation as to which course was the safer one to pursue, and the finding of the jury acquits her of negligence in this respect.

No error was committed in overruling appellant's demurrer to the evidence of appellee.

There is complaint of the refusal of instructions asked by appellant and also of some that were given to the jury.  The material parts of the requested instructions appear to have been included in those given.  They related mainly to the kind of care which a person alighting from a train should exercise, and the general rules governing in cases where persons jumped from a moving train where there is no emergency or constraint are quite fully stated.  Contributory negligence was defined, and the jury were told, in effect, that if appellee went upon the platform of the coach to alight and discovered that the train was in motion, and that then, in order to avoid being carried beyond her destination, she voluntarily jumped from the train and was injured, there could be no recovery although the railroad company was itself negligent in not stopping the train long enough for her to alight.  Some of the instructions asked did not fit the facts in the case, and others of them were based on a single fact which seems to have been fairly included and covered in the instructions which the court gave in language of its own selection.  All of the rulings upon the instructions given and refused have been examined and no prejudicial error is found in them.

The claim that the appellant was entitled to judgment on the particular questions of fact or because the evidence was contrary to the verdict of the jury can not be sustained.

The judgment is affirmed.