Gardner, Respondent, vs. Chicago & Milwaukee Electric Railroad Company and others, Appellants.

*October 25, 1916—January 16, 1917.*

*Carriers: Injury to passenger in alighting: Defect in car step: Evidence: Sufficiency: Verdict based on conjecture: Duty to assist passenger: Appeal: Disposition of case: Directing dismissal.*

1. In an action for injuries sustained in alighting from an interurban car, plaintiff's testimony that the heel of her right foot sank into or caught in something on the first step down from the platform of the car, causing her to fall, and that she did not slip, was insufficient, in the absence of any other evidence of a defect in the car step, to show any negligence of defendants.

2. Findings by the jury in such case that the car step was out of repair and that defendants in the exercise of ordinary care ought to have discovered its defective condition in time to have prevented the injury to plaintiff, are *held* to rest upon conjecture.

3. Plaintiff being a woman about forty-six years old, in good health, and burdened only with a light handbag when she fell, and the car being standing still at a terminal station, no duty devolved upon defendants to assist her in alighting.

4. Plaintiff's evidence at two trials having been substantially the same and insufficient to establish a cause of action, and there being no probability of new evidence at another trial, upon reversal of a judgment in her favor the dismissal of the action is directed.

Appeal from a judgment of the circuit court for Milwaukee county: W. J. Turner, Circuit Judge.  *Reversed.*

Action for personal injury.   On July 17, 1914, at about 8 o'clock in the evening, as plaintiff alighted from one of defendants' cars at the terminal on Grand avenue and Second street, on which she had been a passenger from Evanston, she claims her right foot sank into or was caught in the first step of the car from the platform in such a manner that she fell and was injured.   It was claimed by defendants that plaintiff fell from car No. 303 and that its steps were free from defects of any kind.   The jury found (1) that the car from which plaintiff fell was not car No. 303; (2) that the step upon which plaintiff stepped in alighting was out of repair; (3) that such defective condition of the car step was the proximate cause of plaintiff's injury; (4) that defendants in the exercise of ordinary care ought to have known of its defective condition in time to have prevented the injury to plaintiff; (5) that there was a want of ordinary care on the part of defendants' servants in failing to assist plaintiff to alight from the car; (6) that such want of ordinary care was the proximate cause of plaintiff's injury; (7) that the injury to plaintiff was not the result of a mere accident; (8) that plaintiff was free from contributory negligence; and (9) damages in the sum of $2,500.   A previous trial of the case resulted in substantially the same verdict, the jury, however, in that case awarding damages in the sum of $4,250.   Judge FRITZ, before whom the first trial was held, set aside the verdict and granted a new trial upon the ground, as we understand, that he was not satisfied that justice had been done. Upon the last trial Judge TURNER changed the answer to the first question and held the evidence conclusively showed that plaintiff fell from the step of car No. 303, but entered judgment for plaintiff upon the amended verdict, and defendants appealed.

For the appellants there was a brief by *Edgar L. Wood,* attorney, and *Bull & Johnson,* of counsel, and oral argument by *Mr. Wood.*

*William E. Burke,* for the respondent.

The following opinion was filed November 14, 1916:

VINJE, J.    Plaintiff was about forty-six years of age, in good health, and carried only a light handbag at the time of her injury.    She was the last passenger to alight.    She testifies she stepped from the platform with her right foot squarely on the first step, then as she raised her left foot and put it forward to step down to the next step she felt the heel of her right foot sink in or catch in something and she fell. She says her foot did not slip.

"*Q.* What if you know caught the heel of your shoe in the manner in which you have described?    *A.* Well, there must have been something the matter with the step, something wrong with it, because when I stepped like this I either caught or sunk in, something was hold of me some place. Court: *Q.* You mean something was hold of you some place, where?    *A.* Well, I meant my ankle or my —    *Q.* Foot? *A.* My foot.    I couldn't step.    *Q.* You couldn't lift it up? *A.* No."

She further testified that she was not hurried, that she was calm and got off the car as she usually did; that she can't say that she looked where she stepped, and did not look at the step after she fell.    No one else saw her fall and there is no other evidence of a defect in the car step.    The jury not only found there was a defect, but that it had existed so long that the defendants in the exercise of ordinary care ought to have discovered the defective condition in time to have prevented the injury.    To our minds both findings rest upon conjecture. There is nothing in the evidence that furnishes any basis for a reasonably certain correct conception of the nature of the alleged defect, much less of its duration.    Plaintiff, herself, is compelled to resort to an alternative, for she says her heel either sank in or was caught by something, but how or why it sank in or how or why it was caught we don't know.    From

the description given we can form no mental conception of the alleged defect. We can guess that it consisted of this or that defect, but we don't know which. Or the step may not have been defective at all, for plaintiff may have fallen as she described without any actionable defect therein. Verdicts cannot rest upon conjecture. *Coel v. Green Bay T. Co.* 147 Wis. 229, 133 N. W. 23.

This is not a case of *res ipsa loquitur,* but an ordinary negligence case in which the burden rests upon the plaintiff to show to a reasonable certainty the nature and character of defendant's negligence. Proof of negligence may be by testimony of what is seen, heard, felt, or smelled, provided it is so definite and satisfactory as to render reasonably certain the nature or character of the negligence testified to. When, as here, it fails to do this, it falls short of the legal test.

In our view of the case it is not material whether or not the accident happened upon car No. 303, as the court found, or whether defendants' testimony that its car steps were free from defects is satisfactory or conclusive, because giving, as we do, full credence to plaintiff's own testimony we hold that it fails to establish a cause of action.

Plaintiff was a woman about forty-six years of age, in good health, and burdened with only a light handbag when she fell, and the car was standing still at a terminal station. Under such circumstances no duty devolved upon defendants to assist her in alighting.

Plaintiff has had two trials in which her testimony has been substantially the same. It is not probable that any new evidence can be furnished upon another trial. She is therefore in the unfortunate position of not being able to show in what respect defendants were negligent.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the action.

A motion for a rehearing was denied, with $25 costs, on January 16, 1917.