No. 21,582.

IDA CLOUD, *Appellee*, V. THE KANSAS-OKLAHOMA TRACTION
COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. COMMON CARRIER—*Duty Owed to Passengers.* "A carrier is bound
   to exercise the highest degree of care that is reasonably practical in
   safely carrying passengers and setting them down safely at their
   destinations." (*Lynch v. Railway Co.*, 92 Kan. 735, 142 Pac. 938,
   syl. 1.)

2. SAME—*Carrier Not Insurer of Safety of Passenger.* But the carrier.
   is not an insurer of the safety of passengers, and an instruction.
   which charged that it is the duty of the carrier to provide for the
   safe entry and exit of its patrons to and from its cars is subject to
   criticism, because it makes the carrier the insurer ·of. the safety of
   the passenger.

3. SAME—*Application of Doctrine of "Res Ipsa Loquitur."* The doctrine
   of *res ipsa loquitur* is properly applied in case of injuries to a pas-
   senger caused by a derailment, the collision with another train, the
   breaking of a rail, ·or by some defect in the equipment of the train
   which the passenger is presumed to know nothing about, for the rea-
   son that he has no way of anticipating or ascertaining, 'either before
   or after the accident, what occasioned it. It has no application to a
   case where a passenger is injured by some defect in the floor of the
   car which is visible to the passenger, and which causes the passenger
   to fall while attempting to alight from the train at a station.

4. SAME—*Accident to Passenger—No Presumption of Carrier's Negli-
   gence—Burden of Proof.* In an action by a passenger of an 'inter-
   urban railway to recover damages alleged to have been caused by a
   defect in the floor of the vestibule of the car, in which her foot caught
   while she was in the act of alighting at a station, it is error to charge
   that the happening of an accident resulting in injury to a passenger
   is *prima facie* evidence of negligence on the part of the carrier, and
   that "it will be incumbent upon the company or carrier to produce
   evidence which will excuse the *prima facie* failure· to do its duty. Or,
   in other words, it has the burden of proof, in order to rebut the pre-
   sumption of negligence under the circumstances, that the accident
   'could not have been avoided by the exercise of the highest practicable
   care and diligence."

Appeal from Montgomery district court; JOSEPH W. HOL-
DREN, judge. Opinion filed June 8, 1918. Reversed.

*John J. Jones,* of Chanute, and *Chester Stevens,* of Independence, for the appellant.

*Walter S. Keith,* of Coffeyville, and *S. H. Piper,* of Independence, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff was a passenger on an electric interurban car of the defendant. In attempting to alight from the car at Coffeyville her foot caught in some manner, and she fell from the platform and sustained serious injuries. She brought suit and charged the defendant with negligence in permitting the floor of the vestibule of the car to be in a defective condition, and alleged that the boards in the floor were old, rotten, worn, and decayed to such an extent that a large opening, the exact dimensions of which she was unable to state, was in the floor, which condition had existed for a long time, making the place unsafe and insecure for passengers attempting to alight from the car. She alleged that while in the act of stepping from the vestibule with her left foot the shoe on her right foot caught and fastened itself in the floor of the vestibule, causing her to be thrown forward and downward upon the pavement. The answer, besides a general denial, alleged that whatever injuries the plaintiff sustained were caused, not from any negligence of the defendant, but resulted through her own negligence and want of care in attempting to alight from the car, and the further defense that her injuries were the result of an unavoidable accident for which the defendant was not liable. The jury returned a verdict in plaintiff's favor in the sum of $3,500. The court overruled a motion for a new trial, and the defendant appeals.

There is a contention that the plaintiff was allowed to recover upon a ground of negligence not alleged in her petition, but we think this complaint is somewhat technical. While there was no positive proof that the boards in the platform were rotten, or decayed, there was evidence that there was an opening or crack in the floor in which the heel of the plaintiff's shoe caught, with the result that she was thrown from the car and injured, and some evidence that the crack in the floor was worn. It is true there was a conflict in the testimony in regard to the condition of the floor, but there was no

error in overruling the demurrer to the evidence. The testimony of the defendant's witnesses showed that the floor of the vestibule was constructed with a trapdoor which covers the steps when the car is in motion, but is raised up to permit passengers to alight; and that the edge of the flooring is beveled off so as to permit the door to be lifted, and that the crack was necessary to make the door work, and that it had always been there. Defendant's witnesses also testified that no part of the flooring was split off or missing. On the other hand, the testimony introduced by the plaintiff's witnesses tended to show that there were slivers in the crack, that the opening was wide enough at one place to catch the heel of plaintiff's shoe; and that this condition caused her to fall.

The defendant requested an instruction as follows:

"Negligence is not to be presumed in this case; it is a fact to be proved by the plaintiff as she has alleged it."

The first part of the instruction would have been proper, but there was no error in refusing to give the instruction as requested, because the second clause would have held the plaintiff to the literal proof of every act of negligence alleged in the petition. It was not necessary that she establish the fact that the crack in the boards was occasioned by their being allowed to become old or rotten. There is a complaint that in the instructions given the court assumed some of the facts as alleged in the petition, but we think the jury were not misled by the language used. There is some room for complaint of the trial court's instructions on the ground that they state too strongly the duties and obligations imposed upon a carrier of passengers, and emphasize that feature more than was necessary. Some of the instructions were admirably drawn, and state the rule of law correctly. In other instructions upon this branch of the case we think the court committed reversible error. In instruction No. 7 the jury were charged that it is the duty of the carrier to provide for the safe entry and exit of its patrons to and from its cars. The instruction is open to the objection that it makes the carrier the insurer of the safety of the passenger, and this is not the law. While carriers are the insurers of freight, they are not insurers of the safety of passengers. The court in instruction No. 6 properly charged that it is the duty of the carrier to use the highest degree of

care consistent with the practical operation of the road to conserve the safety and security of its passengers, and that such duty continues until the passenger reaches his destination, and repeated the same rule in instruction No. 8. The well-recognized rule as to the duty owed to passengers is stated in the recent case of *Lynch v. Railway Co.*, 92 Kan. 735, 142 Pac. 938, as follows:

"A carrier is bound to exercise the highest degree of care that is reasonably practical in safely carrying passengers and setting them down safely at their destinations. (syl. ¶ 1.)

The most serious complaint of the instructions is, that the court applied the doctrine of *res ipsa loquitur*. In the eighth instruction it was charged that the mere happening of an accident resulting in injury to a passenger, due to defect in equipment of a car, is *prima facie* evidence of negligence. Again, in instruction No. 9, the jury were charged that the happening of an accident resulting in injury to a passenger is *prima facie* evidence of negligence on the part of the carrier,

"and it will be incumbent upon the company or carrier to produce evidence which will excuse the *prima facie* failure to do its duty. Or, in other words, it has the burden of proof, in order to rebut the presumption of negligence under the circumstances, that the accident could not have been avoided by the exercise of the highest practicable care and diligence."

Again the doctrine was applied even more strongly in instruction No. 15, which reads:

"You are further instructed that, it being admitted that plaintiff was a passenger on defendant's car, and, when it is made to appear that while attempting to alight therefrom in the manner and form alleged by her, she suffered injuries, she has then shown a state of things upon which a presumption of negligence arises against the defendant company which will stand with the force and efficiency of actual proof of the fact, and is available for her benefit until negatived and overthrown, and such presumption of negligence on the part of the defendant can only be overthrown by proof that the casualty resulted from inevitable or unavoidable accident, against which no human skill, prudence or foresight as usually and practicably applied to careful railroad management could provide."

These instructions should not have been given. The doctrine of *res ipsa loquitur* in cases of injuries to a passenger is properly applied in case of a derailment, or the collision with another train, the breaking of a rail, or by some defect in the

equipment of the train which the passenger is presumed to know nothing about, for the reason that he has no way of anticipating or ascertaining, either before or after the accident, what occasioned it. To hold that it applies to a case where the passenger is alighting from a train and is injured in the manner charged in the plaintiff's petition would be to hold that the passenger in alighting from the train is not bound to exercise some degree of care. The carrier is bound to provide reasonably safe conditions and appliances to enable passengers to board and alight from its cars. (4 R. C. L. § 653.) Some of the exceptions to the application of the doctrine of *res ipsa loquitur* are those stated in 3 Thompson's Commentaries on Negligence, § 2763, as follows:

"It does not apply where the defect, deficiency, or peculiarity in the carrier's means of transportation or accommodation, which was the occasion of the accident, was visible to, seen by, or known to the passenger, as well as to the carrier, *and* where the accident took place either before the actual commencement of the transit or after its termination, and while the passenger was in the affirmative act of boarding the carrier's vehicle, or alighting therefrom, or coming upon or passing from the grounds of the carrier,—in all of which cases the carrier is not the exclusive bailee of the passenger, but the passenger is required, under the principles of the law, to take reasonable care for his own safety."

The principal cases cited by the plaintiff do not sustain her contention. Thus, in the case of *S. K. Rly. Co. v. Walsh,* 45 Kan. 653, 26 Pac. 45, where it was held that proof of the accident and extent of passenger's injury will make a *prima facie* case in his favor, the passenger was injured by the derailment of the train on which he was riding. It was held in that case that the passenger had made a *prima facie* case by showing the occurrence of the accident and the extent of his injuries. In the opinion it was said:

"It is well settled by the authorities that in such cases a *prima facie* presumption of negligence on the part of the railroad company arises, which throws the *onus* upon the company of disproving a want of care on its part." (p. 659.)

Another case relied upon by the plaintiff is *Schonleben v. Interborough Rapid Transit Co.,* 160 App. Div. 790, 145 N. Y. Supp. 682, where the facts were very similar to those in the present case. The floor of the car was covered with wooden slats about one inch apart, fastened by metal screws; one of

these projected above the slats, and the plaintiff's shoe was caught, and he was thrown down and injured. The plaintiff had no knowledge of the existence of the screw until he was thrown down, and was not guilty of any contributory negligence. It was held that the mere happening of the accident, under the circumstances described, imposed upon the defendant the duty of an explanation. The instructions complained of in the present case state the law to be that the mere happening of the accident (without reference to any knowledge the plaintiff might have had of the condition of the floor, or her duty to exercise reasonable care in alighting from the car) makes the rule of *res ipsa loquitur* apply the same as if the accident had been caused by a derailment or a collision, or something the plaintiff could not know about. Another case cited by the plaintiff is *Gleeson v. Virginia Midland R'd Co.*, 140 U. S. 435, where it was said that—

"It has been settled law in this court that the happening of an injurious accident is in passenger cases *prima facie* evidence of negligence on the part of the carrier, and that (the passenger being himself in the exercise of due care), the burden then rests upon the carrier to show that its whole duty was performed, and that the injury was unavoidable by human foresight." (p. 443.)

The instructions we have quoted from stated the rule too broadly, and left out any consideration of plaintiff's duty to exercise due care. The doctrine of *res ipsa loquitur* has no application to the present case, and because of the errors in the instructions the judgment will be reversed and the cause remanded for another trial.