303 P.2d 717

**E. P. CAPPS, Appellant,**

v.

**AMERICAN AIRLINES, Inc., Appellee.**

No. 6150.

Supreme Court of Arizona.

Nov. 14, 1956.

H. S. McCluskey and H. M. Van Denburgh, Phoenix, for appellant.

Snell & Wilmer, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal by plaintiff-appellant, E. P. Capps, from a judgment in favor of defendant-appellee, American Airlines, entered by the trial court following an instructed verdict in favor of the defendant. The parties will be hereinafter designated as plaintiff and defendant.

The facts show that on November 5, 1953 plaintiff purchased an airplane passenger ticket from the defendant for transportation from Phoenix to San Diego, California. While he was in the act of boarding the airplane an accident occurred wherein he suffered an injury by falling into the doorway of the plane.

Plaintiff testified as to the accident as follows:

"Q. Now, then, sir what happened as you went up the stairs? A. As I went up the stairs, just as I put my right foot inside the plane, as I picked up my left foot it threw me, just seemed like it was wedged in something and it threw me on my left knee.

"Q. Where? A. Well, it was the last step to be taken. I had my right foot already in the plane.

"Q. You fell into the plane, did you? A. Yes, sir, I couldn't keep from falling."

In further describing his fall plaintiff related:

"Q. I believe you stated when you stepped in the plane you stepped through with your right foot? A. First, that is true.

"Q. In the door, and then as you stepped to follow on through, you said something caught your left foot? A. It seemed like it was in a vise, it was wedged.

"Q. Did you look back? A. It threw me before it would pull out.

"Q. Did you look back to see what was holding you? A. No sir, I never looked back.

"Q. You got up and went to your seat? A. That's right.

"Q. So far as you know, you don't know what caused your foot to hold or you to fall? A. That's right, I couldn't say."

The above statements constitute substantially all the testimony and evidence regarding the appellant's fall except that plaintiff testified an airplane stewardess exclaimed immediately after the fall: "I have been looking for this to happen".

At the close of plaintiff's evidence defendant moved for a directed verdict on the ground that the plaintiff offered no evidence tending to prove negligence on the part of the defendant, which motion was granted. Plaintiff appeals from the judgment entered thereon.

234

Plaintiff's appeal presents six assignments of error, all of which raise the principal question:

Is the doctrine of *res ipsa loquitur* applicable to the facts of this case? For the reasons hereinafter stated we are of the view that the trial court correctly ruled that it does not apply.

▉ The doctrine of *res ipsa loquitur* has been clearly defined by this court in many prior cases. We have said that the conditions necessary for the application of the doctrine are: .

(1) *the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;*

(2) *it must be caused by an agency or instrumentality within the exclusive control of defendant;* .

(3) *it must not have been due to any voluntary action on the part of the plaintiff;*

(4) *plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury.* (Emphasis supplied.)

See Eisenbeiss v. Payne, 42 Ariz. 262, 25 P.2d 162; Tiller v. Von Pohle, 72 Ariz. 11, 230 P.2d 213; Phen v. All American Bus Lines, Inc., 56 Ariz. 567, 110 P.2d 227; Sawyer v. People's Freight Lines, Inc., 42 Ariz. 145, 22 P.2d 1080; Prosser on Torts, 2nd Ed. p. 201.

We recognize that the holding of this court in Tenney v. Enkeball, 62 Ariz. 416, 158 P.2d 519, conflicts with these pronouncements. Therefore, to the extent that it does so, it is hereby expressly overruled.

▉ The principal theory underlying this doctrine is that under the circumstances of the case and because of such cirumstances there is an inference of negligence. The doctrine applies only where the physical cause of the injury and the attendant circumstances indicate such an unusual occurrence that in their very nature they carry a strong inherent probability of negligence and, in the light of ordinary experience the occurrence would presumably not have happened if those who had the exclusive management or control of the agency or instrumentality alleged to have caused the injury, had exercised proper care. Obviously, the rule cannot be invoked where the cause of the accident is wholly a matter of conjecture. Stewart v. Crystal Coca-Cola Bottling Co., 50 Ariz. 60, 68 P.2d 952. It is not the mere occurrence or happening that justifies the application of the doctrine; it is the manner and attending circumstances that determine its application. No general rule can be laid down as to the applicability of *res ipsa loquitur*. Its application depends on the peculiar facts and circumstances of each individual case. Phen v. All American Bus Lines, Inc., supra, 65 C.J.S., Negligence, § 220(10).

Plaintiff, as proof of circumstances sufficient to invoke the *res ipsa loquitur* doctrine, relies solely on the occurrence of an accident which he terms "unusual", and according to his statement, the excited utterance of an airline stewardess. He presents no other evidence. It is our view that the "fall" in itself is not sufficient evidence to invoke the *res ipsa loquitur* doctrine. There must be attendant circumstances to show that the "fall" or accident is of the kind which ordinarily does not occur in the absence of the negligence of some one other than plaintiff and, it cannot be said that the excited utterance of an employee of defendant is such a circumstance that will bring it within the *res ipsa loquitur* rule. People frequently fall without there being negligence of another to cause the fall. It may be due solely to their own negligence.

The following cases support this view. In Greeley v. Baltimore Transit Co., 180 Md. 10, 22 A.2d 460, 461, the plaintiff suffered a fall in alighting from a streetcar. The court held *res ipsa loquitur* did not apply and stated:

"* * * Hence the mere fact that the plaintiff was injured while a passenger on the defendant's car does not of itself raise any presumption of negligence against the defendant in the absence of surrounding circumstances from which an inference of negligence could properly be drawn. * * *"

In a fact situation similar to this case, the Supreme Court of California, in the case of Wyatt v. Pacific Electric Ry. Co., 156 Cal. 170, 103 P. 892, 893, held:

"* * * It is not the law, as the argument of the plaintiffs implies, that the mere fact that a passenger is injured while aboard a car, or while alighting therefrom, creates a presumption that the injury was caused by want of care on the part of the defendant operating such car. It must first be shown that the injury came from the movement of the car by those in charge of it, or from something connected therewith, or in control of the defendant. * * *"

Other cases, in which the facts are strikingly similar to those in the instant case, support the view that the mere fact of a fall, when connected with a carrier, is insufficient to make out a case of *res ipsa loquitur*. See Lewis v. Washington Ry. & Electric Co., 52 App.D.C. 243, 285 F. 977; Gardner v. Chicago & M. Electric Ry. Co., 164 Wis. 541, 159 N.W. 1066; Coleman v. Boston Elevated Ry. Co., 249 Mass. 155, 143 N.E. 819; Cloud v. Kansas-Oklahoma Traction Co., 103 Kan. 249, 173 P. 338, 7 A.L.R. 1671.

Plaintiff argues that the accident itself presents a proper case for the application of *res ipsa loquitur* in all carrier cases. This is not the law. Perhaps some confu-

sion results from the recognized degree of care that is required to be exercised by common carriers. In Lunsford v. Tucson Aviation Corp., 73 Ariz. 277, 240 P.2d 545, 546, we held that an air carrier must exercise *"the highest degree of care consistent with the practical operation of the plane."* This does not mean that merely because an accident arises out of the use of a common carrier that it creates an inference or presumption of negligence on the part of a carrier. It simply states a rule regarding the standard of care to be exercised by a common carrier because of the hazards and character of the services it renders. It may not be construed as an extension of the *res ipsa loquitur* doctrine. See 37 California Law Review 183 (1949) at page 234, and Res Ipsa Loquitur, Mark Shain (1945) p. 457.

In short, we hold that the rule of *res ipsa loquitur* does not apply in this case for the reasons hereinabove stated. It is certainly too clear to admit of any doubt whatever that the accident and injury in this case is not shown to have been caused by an agency or instrumentality in the exclusive control of defendant, in that the voluntary act of plaintiff in approaching the door of the plane could have been and may have been the sole cause of his fall. To hold otherwise, would be to base the rule upon mere conjecture and would be equivalent to a holding that plaintiff was not bound to exercise some or any degree of care in boarding the plane. Until the passenger is aboard the plane or car of the carrier it is not the exclusive bailee of such passenger and the passenger is required under such circumstances, upon clear principles of law, to exercise reasonable care for his own safety. Cloud v. Kansas-Oklahoma Traction Co., supra.

Judgment affirmed.

LA PRADE, C. J., and UDALL, WINDES and STRUCKMEYER, Jr., JJ., concur.