**Anna L. YOUNG and George H. Young, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 4314.**

United States District Court
D. North Dakota,
Southeastern Division.

Feb. 11, 1969.
As Corrected April 17, 1969.

---

James L. Lamb, of Degnan, McElroy, Lamb & Camrud, Grand Forks, N. D., for plaintiffs.

Gary Annear, Asst. U. S. Atty., Fargo, N. D., for defendant.

## MEMORANDUM OPINION

RONALD N. DAVIES, District Judge.

This is a lawsuit brought by Anna L. Young and George H. Young, her husband, under the Federal Tort Claims Act, Title 28, § 1346(b), for injuries and damages suffered by Anna L. Young on July 13, 1965, in the Veterans Administration Center, Fargo, North Dakota, while she was in process of exiting elevator No. 2 therein at approximately 5:00 p. m. on that date.

The evidence discloses that the plaintiff George H. Young was a patient at the Center and his wife Anna had driven to Fargo with their son-in-law and daughter, Mr. and Mrs. Alfred E. Maloney, Jr., from their home in East Grand Forks, Minnesota, on one of Anna Young's frequent visits with her husband while he was a patient at the Center during the summer of 1965. After their visit with George Young, his wife Anna, accompanied by Mr. Young and the Maloneys, walked to the elevator on the fourth floor. Apparently they met Dr. U. Schuyler Anderson, Chief of Surgery, at or near the elevator door. Mr. Young apparently bade his wife, daughter and son-in-law good-bye and they entered the elevator, together with Dr. Anderson who pressed the button for the ground level.

When the elevator reached the ground floor, Mrs. Young testified the elevator

door started to open, then closed, allegedly throwing her to the floor just outside the elevator door, causing injury to her right hip which necessitated surgery, the insertion, and later removal of a Smith-Peterson nail. Her condition has gradually worsened and she is now incapable of doing anything to an appreciable degree. The prognosis is not good.

Title 28, § 1346(b), under which this lawsuit has been brought, provides so far as it is here pertinent:

"* * * the district courts, * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, * * *, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

■ This Court is of the opinion that the doctrine of *res ipsa loquitur* is properly applied to this case, and accepts the conditions determining applicability of the doctrine as set out in First National Bank of Arizona v. Otis Elevator Co., 2 Ariz.App. 80, 406 P.2d 430, 433, citing Capps v. American Airlines, Inc., 81 Ariz. 232, 234, 303 P.2d 717, 718 (1956), as follows:

"(1) the accident must be of a kind which ordinarily does not occur in the absence of some one's negligence;

"(2) it must be caused by an agency or instrumentality within the exclusive control of defendant;

"(3) it must not have been due to any voluntary action on the part of the plaintiff;

"(4) plaintiff must not be in a position to show the particular circumstances which caused the offending agency or instrumentality to operate to his injury."

■ This Court has no difficulty with paragraphs (1), (2) and (4), but the plaintiff's case must fail since she cannot meet the test outlined in paragraph (3). In the view of this Court the plaintiff Anna L. Young, on July 13, 1965, a woman of 76 years, 5 feet, 3 inches in height, weighing some 175 pounds, with a cataract on one eye, with both legs bandaged to the knees and carrying a cane, was simply momentarily startled or frightened by the noise of the elevator door, apparently spun around and fell to the floor, injuring her right hip. The evidence to support Anna Young's being struck by the elevator door is not nearly so persuasive as the evidence that she was startled and may have by her own action struck the door as she turned and fell. That Anna L. Young was herself negligent admits of little doubt. Her age and physical condition, as heretofore set out, would indicate the necessity of exercising greater care for her personal safety than she displayed. There is no competent evidence of malfunction of the elevator in question just before, during or after the accident of July 13, 1965.

Plaintiffs' counsel in final argument sought to hoist us on our own judicial petard by citing to us a case we tried to a jury in 1958, Swanson v. Hill, D.C., 166 F.Supp. 296. That case involved surgery upon the body of a woman in whom it was later discovered the surgeons had negligently failed to remove a Kelly forceps approximately six and one-half inches long. This Court submitted that case to a jury under the doctrine of *res ipsa loquitur*. The jury awarded plaintiffs damages and the verdict was never appealed. There is no possible equation of *Swanson* with the case at bar, save and except the use of the doctrine itself.

This is a distressing type of case, involving as it does a woman of advanced years, partially disabled at the time of this unfortunate occurrence, and nearly totally disabled at the time of trial. But

the law does not permit either its judges or its juries to be governed by sympathy, prejudice or public opinion.

The Court is of the view that under any theory advanced by the plaintiffs in this litigation they have failed to sustain the burden imposed by law upon them, and that the defendant is entitled as a matter of fact and of law to have the suit dismissed.

Counsel for the United States will prepare and submit to the Clerk of this Court a judgment for dismissal of this action against the United States without costs to any party.

This. memorandum opinion is considered in compliance with Fed.Rules Civ. Proc. 52(a), 28 U.S.C.A.